UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERLINDA ABIBAS ANIEL,
Plaintiff,
v.
SAN MATEO COUNTY, et al.,
Defendants.

Case No. 25-cv-06335-JST

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 23

Before the Court is Defendants' motion to dismiss.[1] ECF No. 23. The Court will grant the motion.

## I. BACKGROUND

For the purpose of resolving the motion to dismiss, the Court accepts as true the following allegations from the first amended complaint ("FAC"). *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

Plaintiff Erlinda Aniel has owned and resided at 75 Tobin Clark Drive in Hillsborough, California, in San Mateo County, for approximately twenty years. ECF No. 21 ¶ 13.

On June 26, 2024, the Officer Defendants went to Aniel's residence and attempted to carry out an eviction. *Id.* ¶¶ 40–46, 115. The Officer Defendants ordered her to vacate the property and used force to break in through the front door, including by drilling the lock. *Id.* No court documents or notices were presented to her during this encounter. Although Defendant Tuipolutv was holding papers, Aniel alleges that when she asked to see those papers, he refused to let her

[1] The Defendants are the County of San Mateo ("County") and the San Mateo County Sheriff's Office ("Sheriff's Office")." Aniel also names as Defendants several employees of the San Mateo County Sheriffs' Office, including Deputies Patrick McKenna, Todd Schindler, and Albert Tuipolutv, and Lieutenant Daniel Reynolds (collectively, "Officer Defendants.").

review them. *Id.* ¶¶ 46, 53, 115. Aniel told the Officer Defendants that the writ of possession was invalid because the underlying matter was on appeal and because she believed the writ had expired. *Id.* ¶¶ 48–51. The Officer Defendants left after informing her that they would return to complete the eviction. *Id.* ¶ 63, 118.

Aniel filed an Internal Affairs complaint on July 2, 2024, and a supplemental complaint on July 18, 2024, reporting the Officer Defendants' conduct to the San Mateo County Sheriff's Office. *Id.* ¶¶ 8–9, 64–65, 119–120; ECF No. 21-1 at 3. She further alleges that on July 18, Defendant Reynolds called her, ordered her to vacate the property, and warned that she would be evicted if she did not leave. *Id.* ¶¶ 10, 66–68, 92–93, 121. On July 24, 2024, while Aniel was out of the country, Reynolds led a team to her property and completed the eviction. *Id.* ¶¶ 71–77, 94–95, 122–124. Aniel alleges that the Officer Defendants entered the property and permitted a third party to access the residence and inventory her belongings. *Id.* ¶¶ 40, 71, 74, 77, 94–95, 122–124. On March 24, 2025, Aniel received a letter dated September 3, 2024, stating that Defendants McKenna, Schindler, and Tuipolutv had been exonerated of the allegations raised in her Internal Affairs complaints and that Defendant Reynolds had led the investigation. *Id.* ¶¶ 98, 125.

Aniel filed a government claim against San Mateo County on December 17, 2024, which was rejected on February 4, 2025. *Id.* ¶ 19. Aniel filed this action shortly thereafter. ECF No. 1. The FAC asserts seven causes of action: (1) violation of the First Amendment under 42 U.S.C. § 1983; (2) First Amendment retaliation under 42 U.S.C. § 1983; (3) violation of the Fourteenth Amendment under 42 U.S.C. § 1983; (4) unreasonable search and seizure under the Fourth Amendment and 42 U.S.C. § 1983; (5) municipal liability under § 1983; (6) respondeat superior liability; and (7) intentional infliction of emotional distress. ECF No. 21 ¶¶ 139–176.

On November 3, 2025, Defendants filed the present motion to dismiss. ECF No. 23. Aniel filed an opposition on November 17, 2025. ECF No. 24. Defendants filed a reply on November 24, 2025. ECF No. 28.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III. LEGAL STANDARD

### A. Motion to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining whether a complaint states a claim on which relief may be granted, the court must "accept factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020).

If the court dismisses a complaint for failure to meet these standards, "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (citation modified).

### B. Request for Judicial Notice

"As a general rule, [courts] 'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). "When 'matters outside the pleading are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56," unless those matters satisfy the "incorporation-by-reference doctrine" or the standard for "judicial notice under Federal Rule of

Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (quoting Fed. R. Civ. P. 12(d)). "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute,'" i.e., the fact "is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* at 999 (quoting Fed. R. Evid. 201(b)).

Courts may therefore take judicial notice of court records and other official public documents. *See Von Brincken v. Royal*, No. 2:12-cv-2599-MCE-CKD PS, 2013 WL 211245, at *2 (E.D. Cal. Jan. 10, 2013). At the same time, courts may not use judicial notice to resolve "competing theories" or to accept a defendant's version of events at the pleading stage. *Khoja*, 899 F.3d at 998.

## IV. DISCUSSION

### A. Defendants' Request for Judicial Notice

Defendants request that the Court take judicial notice of a writ of possession issued by the San Mateo County Superior Court. ECF No. 23-1. Aniel opposes the request, asserting that the writ had expired, was invalid, or was fraudulent, and that Defendants improperly relied on it. ECF No. 24 at 8–10.

The Court will take judicial notice of the writ of possession. Exhibit A, ECF No. 23–2. The writ is a court order, signed by the clerk of court, and its "accuracy cannot reasonably be questioned." *Von Brincken*, 2013 WL 211245, at *2. The Court finds that the existence and contents of the writ are not subject to reasonable dispute.

### B. Aniel's Request for Judicial Notice

Aniel requests the Court take judicial notice of three exhibits. ECF No. 25. The first exhibit is a Notice of Pendency of Action from a 2012 bankruptcy proceeding, previously referenced in connection with Defendants' request. ECF No. 25, Ex. 1; *Aniel*, 2014 WL 2737821. Although the document does not appear to bear on the writ at issue here, it is a court record whose authenticity is not disputed, and judicial notice is appropriate. *Von Brincken*, 2013 WL 211245, at *2.

The second exhibit appears to be a prior notice of eviction issued by the Sheriff's Office.

Aniel relies on this document to argue that there was a cloud on title and that a prior writ had issued before that cloud was resolved. ECF No. 24 at 9; ECF No. 25 at 9. While this document provides context for Aniel's theory of the case, it does not create a reasonable dispute as to the existence or authenticity of the writ at issue here. As with other public records, the Court takes judicial notice of the existence and contents of this document, but not of the truth of any matters asserted therein. *Khoja*, 899 F.3d at 998.

The third document is identical to an exhibit already attached to the complaint. *See* ECF No. 25, Ex. 3; ECF No. 21-1, Ex. E. Because courts need not take judicial notice of documents already incorporated into the pleadings, the request as to this exhibit is denied as duplicative. *O'Connor v. JP Morgan Chase*, No. 4:14-cv-00178-KAW, 2014 WL 2216011, at *4 (N.D. Cal. May 29, 2014) (declining to take judicial notice of documents already attached to the complaint).

### C. Motion to Dismiss

Aniel's complaint appears, in part, to challenge the validity of the San Mateo County Superior Court's judgment and the writ of possession issued to enforce it. *See* ECF No. 21 ¶¶ 48–51, 57, 63, 75–76, 78, 82, 91, 96, 99, 105, 117, 157, 159; ECF No. 24 at 9. Although Aniel does not frame her claims explicitly in these terms and asserts that the writ is fabricated, the Court has already taken judicial notice of the existence and contents of the writ, as discussed above.

This Court lacks jurisdiction to review or reject a state court judgment. *See Partington v. Gedan*, 961 F.2d 852, 864 (9th Cir. 1992). Thus, to the extent Aniel's claims rest on the contention that the writ of possession was improperly issued or invalid, those claims are not cognizable in this Court. *Busch v. Torres*, 905 F. Supp. 766, 771 (C.D. Cal. 1995).

#### 1. Municipal Liability (Defendants County and Sheriff's Office)

Aniel's first six causes of action assert claims under Section 1983, municipal liability, and respondeat superior against the County and Sheriffs' office. ECF No. 21 ¶¶ 161–171.[2]

[2] Aniel pleads a "*Monell* claim" and a claim for respondeat superior as her fifth and sixth causes of action. ECF No. 21 ¶¶ 161–171. *Monell* does not create a standalone cause of action but instead sets forth the framework for municipal liability under 42 U.S.C. § 1983. *Railroad 1900, LLC v. City of Sacramento*, 604 F. Supp. 3d 968, n.6 (E.D. Cal. 2022). Construed liberally, the Fifth Cause of Action is treated as an attempt to plead municipal liability for Section 1983 claims. Aniel's Sixth Cause of Action incorporates its proceeding paragraphs which contain her Section

Defendants argue that, even assuming Aniel has adequately alleged an underlying constitutional violation, she has not alleged facts sufficient to impose liability on the County and that her claims as to the Sheriff's Office are not cognizable. ECF No. 23 at 11–13. Aniel does not expressly address this claim in her opposition but instead simply repeats the factual allegations from the FAC. ECF No. 24 at 2–7.

To the extent Aniel seeks to assert Section 1983 claims against the San Mateo County Sheriff's Office, courts have held that "[n]aming a municipal department as a defendant is not an appropriate means of pleading a Section 1983 action against a municipality." *Vance v. Cty. Of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 2010) (citation omitted); *Hopton v. Fresno County Human Health System*, No. 1:20-cv-00141-NONE-SKO, 2020 WL 3035157, at *6 (E.D. Cal. Jun. 5, 2020) (same). The Court therefore dismisses allegations against the Sheriff's office with prejudice and addresses municipal liability here only as to the County.

A municipality cannot be sued under a theory of respondeat superior for injuries inflicted by its employees or agents. *Monell*, 436 U.S. at 690–91. Rather, "[t]o bring a § 1983 claim against a municipality, a plaintiff must allege facts sufficient to show: (1) a deprivation of a constitutional right; (2) a municipal policy; (3) that the policy caused a deliberate indifference of Plaintiffs' constitutional right; and (4) that the policy was the moving force of the constitutional deprivation." *Gallegos v. San Bernardino Cnty. Sheriff's Dep't*, No. ED CV 13-00042 TJH (SPX), 2014 WL 13130511, at *1 (C.D. Cal. Apr. 9, 2014) (citing *Mabe v. San Bernardino Cnty*, 237 F.3d 1101, 1010-11 (9th Cir. 2001)).

The Ninth Circuit has made clear that a plaintiff asserting municipal liability must do more than merely recite the elements of such a theory in conclusory terms. Rather, the complaint must contain sufficient factual allegations to give fair notice and plausibly suggest an entitlement to relief. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636–37 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). Thus, while a plaintiff need not prove the

---

1983 claims. ECF No. 21 ¶ 166. This claim relies on respondeat superior and thus fails as a matter of law. Such liability is not available under Section 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Sixth Cause of Action is therefore dismissed without leave to amend.

existence of a policy or custom at the pleading stage, she must allege some facts regarding the specific nature of the alleged policy, practice, omission, or ratification theory on which municipal liability rests. *Id*. at 637.

Here, Aniel alleges in general terms that the County "fail[ed] to train or supervise," maintained unconstitutional "policies or practices," and that the actions of the Individual Defendants were the result of those failures. ECF No. 21 ¶¶ 85–90, 102, 111–12, 161–64. She further asserts that these practices were "not isolated incidents but products of official policy or systematic failure." *Id.* ¶¶ 89, 104. These allegations are insufficient. The complaint does not identify any specific policy, describe how such a policy operated, or allege facts showing a pattern of similar violations from which a widespread practice could be inferred. *Mitchell v. County of Contra Costa*, 500 F. Supp. 3d 1018, 1028 (N.D. Cal. 2022) (explaining that a *Monell* claim based on custom requires allegations of a practice "so permanent and well settled as to constitute a custom or usage with the force of law."). Nor does it allege facts demonstrating that the failure to train amounted to deliberate indifference, such as prior incidents, or any particular deficiency in training or supervision. *Perez v. City of Fresno*, 98 F.4th 919, 931 (9th Cir. 2024) ("'[a] pattern of similar constitutional violations,' rather than proof of a single incident, is 'necessary to demonstrate deliberate indifference.'") (citations omitted).

Accordingly, Aniel has failed to state a basis for municipal liability under § 1983, and her claims against the County are dismissed with leave to amend. Aniel's claims against the Sheriff's Office are dismissed with prejudice.

**2. Section 1983 Claims (Officer Defendants)**

Aniel asserts claims against the Individual Defendants, in their official and personal capacities, under Section 1983 based on alleged violations of her rights under the First, Fourth, and Fourteenth Amendments.[3] ECF No. 21 ¶¶ 139–160. Defendants argue that Aniel has failed to

[3] To the extent Aniel asserts claims against the Officer Defendants in their official capacities, those claims are treated as claims against the County and need not be separately analyzed. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 & n.14 (1985) (official-capacity suits are, in all respects other than name, suits against the entity). Because local government entities may be sued directly under Section 1983, maintaining duplicative official-capacity claims against individual officers is unnecessary. The Court therefore considers Aniel's Section 1983 claims only to the

plausibly allege any constitutional violation. ECF No. 23 at 10–19. Aniel does not expressly address these arguments in her opposition but simply argues that she has met the pleading standard and repeats the factual allegations from the FAC. ECF No. 24 at 2–7.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant's conduct deprived the plaintiff of rights secured by the Constitution or federal law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

There is no dispute that Individual Defendants, as sheriff's deputies and officers, were acting under color of state law. *West*, 487 U.S. at 50. Having dismissed Aniel's constitutional claims as to the County, the Court therefore focuses on whether the complaint plausibly alleges a deprivation of a constitutional right by the Individual Defendants.

**a. First Amendment**

Aniel asserts two claims under the First Amendment. ECF No. 21 ¶¶ 141, 147. Her first cause of action alleges that Defendants made "false statements" to curtail her First Amendment activity after she filed complaints with Internal Affairs, and her second alleges that Defendant Reynolds retaliated against her for filing those complaints. *Id.* Defendants argue that the eviction was unrelated to Aniel's complaints and that she fails to allege facts supporting a retaliatory motive. ECF No. 23 at 14.

To state a First Amendment retaliation claim, a plaintiff must allege that (1) she engaged in constitutionally protected activity; (2) the defendant took adverse action against her that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the adverse action was substantially motivated by the plaintiff's protected conduct. *Corales v. Bennett*, 567 F.3d 554, 563 (9th Cir. 2009). Aniel alleges that she filed Internal Affairs complaints on July 2 and July 18, 2024, and that Defendant Reynolds subsequently called her, warned her she would be evicted, and later participated in the July 24, 2024, eviction. ECF No. 21 ¶¶ 64–66, 71–75, 130–131. Liberally construed, these allegations are sufficient to satisfy the first element, as filing

extent they are asserted against the Individual Defendants in their personal capacities.

complaints with a government agency constitutes protected petitioning activity. *Pierce v. City of Berkeley*, No. 25-cv-10410-LB, 2026 WL 458235, at *7 (N.D. Cal. Feb. 18, 2026) (complaints against government officials are protected under the First Amendment).

However, the complaint does not plausibly allege that Defendants' conduct was substantially motivated by Aniel's protected activity. Aniel alleges that deputies came to her home and attempted to evict her on June 26, 2024, *before* she filed any complaint, and informed her that they would return to complete the eviction. *Id.* ¶¶ 40, 63, 118. She then filed her complaints on July 2 and July 18, 2024. *Id.* ¶¶ 64–65. Thus, while the eviction she challenges occurred on July 24, 2024, *id.* ¶ 71, the eviction was initiated prior to her filing any complaint. This sequence of events does not plausibly establish retaliation.[4]

Accordingly, Aniel fails to state a First Amendment retaliation claim or any other First Amendment violation. These claims are dismissed with leave to amend.

**b. Fourteenth Amendment**

Aniel alleges that Defendants violated her Fourteenth Amendment right to due process by (1) allowing Defendant Reynolds to investigate her internal affairs complaint despite an alleged conflict of interest, and (2) failing to conduct an adequate investigation, including failing to interview her. ECF No. 21 ¶¶ 97–100, 153–154. Defendants move to dismiss on the ground that Aniel has not alleged the deprivation of any protected liberty or property interest.

A threshold requirement for both procedural and substantive due process claims is that the plaintiff identify a constitutionally protected liberty or property interest. *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994). Without such an interest, a due process claim cannot proceed. Aniel's theory fails at this threshold step. To the extent her claim is based on the handling of her internal affairs complaint, it is well established "that there is no constitutional right to have law enforcement conduct an investigation," or to have such an investigation conducted in a particular manner. *See Holscher v. Deurmeier*, No. 21-35660, 2022 WL 4363829, at *1 (9th Cir. Sep. 21, 2022); *see also Gini v. Las Vegas Metro. Police Dep't*, 40

[4] Notably, deputies themselves do not initiate eviction proceedings but instead execute writs issued by the court. *See* Cal. Civ. Proc. Code § 712.010.

F.3d 1041, 1045 (9th Cir. 1994) (citation omitted). Accordingly, Aniel's allegations that the investigation was biased, inadequate, or conducted by an allegedly conflicted officer do not implicate a protected liberty or property interest. *Dudley v. Boise State University*, 152 F. 4th 981, 999 n.8 (9th Cir. 2025) ("[D]ue process does not guarantee an unbiased investigation.").[5]

Although the Court finds it unlikely that Aniel will be able to adequately plead a Fourteenth Amendment claim based on this chain of events, the Court will dismiss the claim with leave to amend.

**c. Fourth Amendment**

Aniel alleges that Defendant Reynolds violated her Fourth Amendment rights by seizing her property and evicting her without lawful authority. ECF No. 21 ¶¶ 157–160. Defendants move to dismiss, arguing that any seizure was reasonable as a matter of law because Reynolds was executing a facially valid writ of possession. ECF No. 23 at 16–17.

The Fourth Amendment protects against unreasonable seizures of property. U.S. Const. amend. IV. A seizure occurs where there is a "meaningful interference with an individual's possessory interests in that property." *Soldal v. Cook Cnty.*, 506 U.S. 56, 61 (1992). These protections apply in the civil context, including evictions. *Id.* at 67. Even where officers act pursuant to court process, "reasonableness is still the ultimate standard under the Fourth Amendment." *Id.* at 71. The existence of a court-issued writ weighs strongly in favor of reasonableness. *See* ECF No. 23-2, Ex. A; Cal. Code Civ. Proc. § 262.1 (a sheriff "shall execute all process and orders regular on its face."). Under California law, an officer executing such process "may limit his inquiries to the writ itself" so long as it "is issued by the proper officer, in due form, and proceeds from a court competent to exercise jurisdiction." *Arrieta v. Mahon*, 31 Cal. 3d 381, 392 (1982) (citation omitted).

The complaint alleges only that Defendant Reynolds destroyed Plaintiff's doors and locks and entered her property without probable cause on July 24, 2024 and deprived her of her Fourth

[5] Aniel raises an argument in her opposition that Defendants violated California Penal Code Section 832.5, but she does not allege such a claim in her complaint. ECF No. 24 at 5–6. On the merits, she cites no authority holding that Section 832.5 creates a liberty or property interest that would support any of her constitutional claims.

Amendment rights by seizing her property.[6] Nothing in the complaint plausibly suggests that Defendants acted without legal authority in carrying out the eviction. Aniel asserts only in conclusory terms that Defendants acted "without probable cause" and that the seizure was "unreasonable." ECF No. 21 ¶¶ 157–160. But where officers act pursuant to court-issued process that is regular on its face, such conclusory allegations are insufficient to state a Fourth Amendment claim. *Soldal*, 506 U.S. at 71 (noting that where officers act pursuant to a court order, "a showing of unreasonableness… [is] a laborious task indeed"); Cal. Code Civ. Proc. § 262.1 ("A sheriff or other ministerial officer is justified in the execution of, and shall execute, all process and orders regular on their face and issued by competent authority, whatever may be the defect in the proceedings upon which they were issued.").

Aniel's allegations do not plausibly allege that Defendants' search and seizure on July 24, 2024 amounted to an unreasonable seizure under the Fourth Amendment. Rather, they reflect a challenge to the validity of the underlying eviction process, which does not, without more, establish a constitutional violation. *Soldal*, 506 U.S. at 71

Officer Defendants also assert that they are entitled to quasi-judicial immunity because they were executing a court-issued writ of possession. ECF No. 23 at 16–17. Aniel does not address this argument in her opposition. ECF No. 24. Officers who execute a facially valid court order are entitled to absolute quasi-judicial immunity for conduct authorized by the order. *Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 764–765 (9th Cir. 1987). Courts routinely apply this rule in the eviction context, holding that claims based on the service or enforcement of a writ of possession are barred where the alleged wrongdoing rests on the invalidity of the underlying proceedings rather than conduct outside the scope of the order. *See Duenas v. Freitas*, No. C 13-0836 SBA, 2013 WL 3298249, at *5 (N.D. Cal. June 28, 2013); *see also Stafne v. Zilly*, 820 F. App'x 594, 595 (9th Cir. 2020) (affirming dismissal of claims against sheriff for executing a court-issued foreclosure order).

[6] Elsewhere, the complaint makes clear that Defendants did not remove Plaintiff's *personal* property from her residence, but instead that a "locksmith [named] Andres . . . made an inventory of Plaintiff's personal property. *Id.* ¶ 95.

Here, Aniel's allegations arise from Officer Defendants' execution of a writ of possession issued by the state court. She challenges the validity of the eviction but does not plausibly allege that Individual Defendants exceeded the scope of the writ. Because she alleges no facts showing that Officer Defendants acted beyond the authority of the order, her Fourth Amendment claim is independently barred by quasi-judicial immunity.[7]

Amendment on this claim would be futile as the officers were acting under a valid warrant and entitled to quasi-judicial immunity. *See Mnyandu v. Cnty. of Los Angeles*, No. CV 14-6485 DSF (FFM), 2015 WL 13722409, at *4 (C.D. Cal. Apr. 2, 2015), *report and recommendation adopted*, No. CV 14-6485 DSF (FFM), 2015 WL 13736226 (C.D. Cal. June 16, 2015) (dismissing with prejudice claim barred by absolute immunity). Accordingly, Aniel's Fourth Amendment claim is dismissed without leave to amend.

### 3. Intentional Infliction of Emotional Distress (Claim Seven)

Defendants move to dismiss Aniel's claim for intentional infliction of emotional distress ("IIED") for failure to state a claim. ECF No. 23 at 18-19. Aniel does not address this argument in her opposition. ECF No. 24.

Defendants also argue that the Court should decline to exercise supplemental jurisdiction over Aniel's state law claim because no federal claims remain. ECF No. 23 at 18-19. Even where all federal claims are dismissed, a district court may retain supplemental jurisdiction over related state law claims. *See* 28 U.S.C. § 1367(c). In the interest of judicial economy, the Court addresses the merits of Aniel's IIED claim.

Under California law, the elements of IIED are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (citation omitted). Conduct is "outrageous" only

---

[7] Because Aniel has failed to state a constitutional violation, the Court need not reach Defendants' assertions of qualified immunity. *See Ingram v. San Francisco Police Dept.*, No. C 13-0224 CW, 2013 WL 1701754, at *4 (N.D. Cal. Apr. 18, 2013).

United States District Court
Northern District of California

where it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.*; *see also Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993).

California courts have repeatedly emphasized that alleging IIED is a "high bar," and that liability "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Hughes*, 46 Cal. 4th at 1051 (citation omitted).

The actions surrounding a wrongful eviction can be sufficiently outrageous to support a claim for IIED. *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1039 (2009). By contrast, allegations of conduct undertaken in the course of asserting or enforcing legal rights, even if upsetting or distressing, generally do not meet this standard. *Yu v. Signet Bank/Virginia*, 69 Cal. App. 4th 1377, 1398 (1999) ("[a]n assertion of legal rights in pursuit of one's own economic interests does not qualify as 'outrageous' under this standard."). As another court has stated in the analogous context of foreclosure, "[t]he act of foreclosing on a home (absent other circumstances) is not the kind of extreme conduct that supports an intentional infliction of emotional distress claim." *Quinteros v. Aurora Loan Servs.*, 740 F. Supp. 2d 1163, 1172 (E.D. Cal. 2010).

Here, the alleged conduct occurred in the course of enforcing legal rights and does not meet the high standard required for an IIED claim. Aniel alleges that Defendants threatened her with eviction, acted in an intimidating manner, and proceeded with the eviction process. ECF No. 21 ¶¶ 57–59, 66–68, 115–118. She further alleges that Defendant Reynolds told her she would be homeless if she did not vacate the property. *Id.* ¶¶ 66–67. While Aniel alleges conduct that may have been distressing, the allegations do not rise to the level of "extreme and outrageous" conduct required to support an IIED claim, particularly where the conduct occurred in connection with enforcement of a court-ordered eviction. *Hughes*, 46 Cal. 4th at 1051; *Cervantez*, 24 Cal. 3d at 593.

Accordingly, Aniel's claim for intentional infliction of emotional distress is dismissed with leave to amend.

#### 4. Equitable Relief

In addition to damages, Aniel seeks injunctive and other equitable relief. ECF No. 21 at

29–31. Defendants argue that Aniel has not alleged facts showing a real and immediate threat of repeated injury and therefore lacks standing to seek equitable relief in this Court. ECF No. 23 at 18. Aniel responds that she has alleged sufficient facts to establish injury-in-fact. ECF No. 24 at 8.

In order to seek equitable relief, Aniel must establish she has Article III standing. For a plaintiff to have standing for equitable relief, she must make a showing of a "real and immediate threat of repeated injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Updike v. Multnomah Cnty.*, 870 F.3d 939, 947 (9th Cir. 2017). Aniel has not made such a showing. She acknowledges Defendants' argument that she cannot demonstrate a real and immediate threat of future harm and does not claim any ongoing or impending threat of similar conduct. *See* ECF No. 24 at 8. While Aniel asserts that she fears Defendants may again unlawfully detain or evict her, she does not allege facts suggesting a real and immediate threat that such conduct will recur. Allegations of potential future injury are insufficient to establish standing for equitable relief. *Lyons*, 461 U.S. at 102.

Accordingly, Aniel's requests for equitable relief are dismissed for lack of standing.

**CONCLUSION**

Defendants' motion to dismiss is granted in full. Leave to amend is denied as to Aniel's Fourth Amendment claim but granted as to all other claims. The Court dismisses Defendant San Mateo County Sheriff's Office with prejudice.

If Aniel chooses to file an amended complaint, she must do so within 28 days of the date of this Order. Failure to do so will result in dismissal of this action with prejudice.

**IT IS SO ORDERED.**

Dated: August 20, 2026

JON S. TIGAR
United States District Judge