United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERLINDA ABIBAS ANIEL,
Plaintiff,

v.

SAN MATEO COUNTY, et al.,
Defendants.

Case No. 25-cv-06335-JST

**ORDER DENYING PETITION FOR INTERLOCUTORY APPEAL, MOTION TO AMEND, AND MOTION TO STAY PENDING APPEAL**

Re: ECF No. 41

Before the Court are Plaintiff Erlinda Abibas Aniel's motions for certification of interlocutory appeal, to amend order, and to stay proceedings. ECF No. 41. She seeks to appeal the portion of the Court's August 20, 2026 order dismissing her Fourth Amendment claims and her claims against Defendant San Mateo Sheriff's Office without leave to amend. She also seeks to amend that order to add a statement that those claims have been certified for interlocutory appeal. Finally, she asks that the remaining claims be stayed pending appeal. For the following reasons, the Court will deny the motions.

The final judgment rule provides that courts of appeal shall ordinarily have jurisdiction only over "final decisions of the district courts of the United States." 28 U.S.C. § 1291. However, "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). "The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order." *Id.* "Certification under § 1292(b) requires the district court to expressly find in writing

that all three § 1292(b) requirements are met." *Couch v. Telescope Inc.,* 611 F.3d 629, 633 (9th Cir. 2010).

In dismissing Aniel's Fourth Amendment claim, the Court found that the complaint did not plausibly allege that Defendants acted without legal authority, given that they acted pursuant to a court-issued writ of possession, and dismissed the claim with prejudice because the Defendants were entitled to absolute quasi-judicial immunity. ECF No. 40 at 11 (citing *Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 764–765 (9th Cir. 1987)). Aniel argues that an appeal of that ruling is required because the Court failed to consider the "United States Supreme Court's decision in *Saucier*" where the Supreme Court found "that the ruling on qualified immunity requires an analysis separate from the question of whether a constitution violation occurred." ECF No. 41 at 4–5. Aniel argues that, had this Court considered *Saucier*, it would not have concluded that because the "Sheriff Defendants acted pursuant to a court order, they were automatically entitled to immunity even if those officers violated Plaintiff's civil rights." *Id*. at 5.

It appears that Aniel is relying on *Saucier v. Katz*, 533 U.S. 194 (2001). In that case, the Supreme Court addressed the question of "whether the requisite analysis to determine qualified immunity is so intertwined with the question whether the officer used excessive force in making the arrest that qualified immunity and constitutional violation issues should be treated as one question, to be decided by the trier of fact." *Id.* at 197. *Saucier* did not address the doctrine of absolute quasi-judicial immunity that this Court relied on in dismissing Aniel's Fourth Amendment claim. The two doctrines are distinct. *See Williams v. Cnty.*, No. 2:15-CV-01760-SU, 2016 WL 4745179, at *3 (D. Or. Sept. 12, 2016) (noting that the "Supreme Court has drawn a clear distinction between absolute immunities, such as sovereign immunity, and qualified immunity."). "An absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity. The fate of an official with qualified immunity depends upon the circumstances and motivations of his actions, as established by the evidence at trial." *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976). Thus, *Saucier* provides no basis for an

United States District Court
Northern District of California

interlocutory appeal.[1]

Aniel then repeats her arguments about the validity of the warrant, which the Court conclusively addressed in its order on the motion to dismiss. *See* ECF No. 40 at 5 ("Thus, to the extent Aniel's claims rest on the contention that the writ of possession was improperly issued or invalid, those claims are not cognizable in this Court."). In finding that the Officer Defendants were entitled to absolute immunity, this Court relied on settled Ninth Circuit precedent. *Id*. at 11. Notwithstanding Aniel's contention to the contrary, she therefore fails to present a "controlling question of law" that would justify an interlocutory appeal. Accordingly, her motion to certify an interlocutory appeal is denied.

Aniel's motion to amend the Court's prior order and her request for a stay pending appeal are premised on her motion to certify an interlocutory appeal. ECF No. 41 at 10–11. As the Court denies her § 1292(b) motion, it denies those motions as well.

**IT IS SO ORDERED.**

Dated: September 1, 2026

JON S. TIGAR
United States District Judge

[1] Aniel also did not present this argument in her opposition to the motion to dismiss, which is an independent reason for rejecting it. "This Court agrees with colleague courts that reject attempts to use motions for an interlocutory appeal to raise arguments that were never before the Court." *Iravanian v. Transperfect Translations Int'l, Inc.*, 2026 WL 2547046 at *2 (N.D. Cal. Aug. 28, 2026).